No. 12208

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

RALPH GILDROY, an individual citizen
and the SOUTH CENTRAL MONTANA DEVELOPMENT
FEDERATION, et al.,

Plaintiff and Respondent,

vs.

FORREST H. ANDERSON, Governor of the
State of Montana,

Defendant and Appellant.

---

Appeal from: District Court of the Fourteenth Judicial District,
Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellant:

Honorable Robert L. Woodahl, Attorney General, Helena
Montana,
Charles H. Dickman, Assistant Attorney General, argued,
Helena, Montana.

For Respondent:

Hickman and Moore, Harlowton, Montana
Perry J. Moore argued, Harlowton, Montana.
Charles Maris, Roundup, Montana.

---

Submitted: April 21, 1972

Decided: MAY 1 8 1972

Filed: MAY 1 8 1972

THOMAS J. KEARNEY

_____
Clerk

Hon. Charles Luedke, District Judge, sitting in place of Mr. Justice Wesley Castles, delivered the Opinion of the Court.

This is an appeal from an order of the district court of the fourteenth judicial district, Musselshell County, denying a motion made by the defendant for a change of venue.

Plaintiffs, Ralph Gildroy as an individual citizen, and the South Central Montana Development Federation as an unincorporated association of counties, filed a complaint in Musselshell County praying that Forrest H. Anderson, Governor of the State of Montana, be permanently enjoined from implementing Executive Order 2-71. The order, issued August 24, 1971, established multi-county districts for planning and administration whereby all fifty-six counties were placed in one of twelve designated districts. At the time of filing of the complaint, the South Central Montana Development Federation consisted of eight counties, including Musselshell, and the effect of Executive Order 2-71 was to divide these counties among two separate districts.

The basis of plaintiffs' objection to this executive order is that the Forty-second Legislative Assembly passed Senate Joint Resolution No. 13, which the Governor approved on March 3, 1971, expressing the wish of both legislative bodies that the then existing composition of the South Central Montana Development Federation be continued and not be divided. To permit the implementation of Executive Order 2-71, plaintiffs contend, is to allow the executive to exceed its power and authority in a manner which infringes upon the constitutional fixed authority of the legislature. The gravamen of the complaint for venue purposes, then, is an asserted clash between a legislative resolution and an executive order by virtue of which, it is contended, any action taken for executive order purposes, including the expenditure of state funds, will be unlawful. There is nothing before the Court showing the expenditure of public funds in any particular county.

On September 3, 1971, the district court of Musselshell County issued a temporary restraining order enjoining implementation of Executive Order 2-71, throughout the state, which restraining order was amended on January 3, 1972, to restrict its effect only to the area of the South Central Montana Development Federation.

Defendant, Governor Anderson, appeared in the action through consolidated motions to dismiss and to change venue to the county of Lewis and Clark. The district court, after hearing, denied the motion for change of venue and defendant has appealed such ruling under Rule 1 of the Montana Rules of Appellate Civil Procedure.

The sole issue presented is whether the district court erred in not granting the requested change of venue from Musselshell County to Lewis and Clark County.

The applicable statute involved is section 93-2902, R.C.M. 1947, which in pertinent part reads:

> "Actions for the following causes must be tried
> in the county where the cause, or some part thereof,
> arose, subject to the like power of the court to
> change the place of trial:
>
> "1. * * *
>
> "2. Against a public officer, or person specially
> appointed to execute his duties, for an act done by
> him in virtue of his office; or against a person who,
> by his command or in his aid, does anything touching
> the duties of such officer."

Both parties agree that the pivotal question involves a determination of "the county where the cause, or some part thereof, arose."

Defendant views this matter as coming within the generally stated rule set forth in 48 ALR2d Anno. 423, 457, that:

> "* * * in the case of a state officer whose office
> is located at the seat of the state government, at
> which all of his duties are performed, a cause of
> action based on his official conduct necessarily
> arises in the county of his official residence."

Plaintiffs consider the case of Montana-Dakota Utilities Co. v. Public Service Commission of Montana, 111 Mont. 78, 80, 107 P.2d

533, to be controlling on the basis of the following expression of the Court:

> "On behalf of plaintiff it is contended that since the order complained of was made in Lewis and Clark county, where the office of the commission is located, at least a part of the cause arose in that county. We think this contention loses sight of the real cause of the action. The cause of the action is the threatened enforcement or operation of the order in Valley and Phillips counties. It is not the mere making of the order, but the place where it is put in operation, that determines where the cause of action arose. Operation of the order is what is alleged will injure plaintiff. * * * The operation of the order will be accomplished, if at all, in Valley and Phillips counties where the order is made applicable. It is our view that the cause of action arose in Valley and Phillips counties and not in Lewis and Clark county."

Defendant answers plaintiffs' contention by drawing a distinction between a state officer whose acts are performed at the seat of state government and an officer or officers whose duties are performable throughout the state, the latter being amenable to an action in a county other than that of his official residence, based upon acts done or performable therein. 48 ALR2d Anno. 423, 457.

Plaintiffs' complaint does not challenge the merits of the operation of the executive order in redistricting the affected counties as the cause of their injury. Rather, the claim is that an injury arises from an official act of the Governor which exceeds his powers and authority by reason of its alleged unlawful contravention of express legislative action. The question is one of the respective powers and authority of two branches of government, not the merits of the operation of the executive order. The ultimate objective of the plaintiffs may well be to prevent disturbance of the original composition of the South Central Montana Development Federation, but that is a consequence sought, not the basis of their cause of action.

By reason of the novelty of the subject matter of this suit, being a test of the powers and authority of two branches of government, it is clearly distinguishable from the facts found controlling

in the Montana-Dakota Utilities Co. case heretofore cited. The circumstances of this case bring it within the rule that a cause of action based upon official conduct of a state officer performable at the seat of the state government arises in the county of his official residence.

It follows that the order of the district court denying defendant's motion for change of venue should be vacated and an order entered transferring this cause to the district court of the first judicial district of the State of Montana, in and for the county of Lewis and Clark.

-----------------------------------
Hon. Charles Luedke, district judge,
sitting for Mr. Justice Wesley Castles

We Concur:

-----------------------------------
Chief Justice

-----------------------------------

-----------------------------------
Associate Justices.