No. ~~13632~~ 13656

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

SCHOOL DISTRICT NO. 7, BOZEMAN, MONTANA;
OPHIR SCHOOL DISTRICT NO. 72, GALLATIN
COUNTY, MONTANA; WILLOW CREEK SCHOOL
DISTRICT No. 15, GALLATIN COUNTY, MONTANA;
THREE FORKS SCHOOL DISTRICT No. 24, GALLATIN
COUNTY, MONTANA,

                    Plaintiffs and Respondents,

    vs.

HUMAN RIGHTS COMMISSION, STATE OF MONTANA,
AND RAYMOND D. BROWN, Administrator
thereof,

                    Defendants and Appellants.

---

Appeal from: District Court of the Eighteenth Judicial District,
           Honorable Nat Allen, Judge presiding.

Counsel of Record:

    For Appellant:

        Rosemary B. Zion, Helena, Montana

    For Respondent:

        Donald E. White
        County Attorney's Office, Bozeman, Montana
        Brian Sullivan, argued, Bozeman, Montana

---

                Submitted: June 7, 1977
                Decided : JUL 14 1977

JUL 14 1977

Filed:

---

                Clerk.

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Defendants appeal from an order of the district court, Gallatin County, denying their motion for change of venue to Lewis and Clark County.

Plaintiffs are four school districts in Gallatin County. They brought an action against the defendants, Human Rights Commission, State of Montana, and Raymond D. Brown, its administrator, seeking a writ of prohibition, or in the alternative to quash defendants' interrogatories. The action sought to halt proceedings of the defendants in investigating complaints filed with the Commission concerning alleged discriminatory practices of the school districts in violation of what we will call the anti-discrimination act, section 64-301, et.seq., R.C.M. 1947. The petition alleges defendants' submission of interrogatories and attempted interrogation of administrators of plaintiff school districts violates plaintiffs' constitutional rights against self-incrimination under the federal and state constitutions. Fifth Amendment, United States Constitution; Art.II, Section 25, 1972 Montana Constitution.

The district court entered an order prohibiting defendants from compelling plaintiffs to answer the interrogatories sent to them and quashing the interrogatories during the pendency of the action, and set a hearing on making the order permanent.

Thereafter, among other things, defendants filed a motion for change of venue to Lewis and Clark County. Following submission of briefs, the district court denied defendants' motion for change of venue. Defendants appeal from that order.

The issue on appeal is whether venue is properly in Gallatin County or Lewis and Clark County.

Defendants contend that venue properly lies in Lewis and Clark County under section 93-2902(2), R.C.M. 1947, because that is where "the cause, or some part thereof, arose". They claim the situs of official acts of a public agency or official is in the county of official residence which is the decision-making hub from which all official acts emanate, here Lewis and Clark County. Defendants view plaintiffs' petition as an action to limit or extinguish their statutory investigative powers; thus they contend that the underlying question is whether they may exercise their investigative powers at all and not whether the effects of their activities are felt in Gallatin County.

They cite Lunt v. Division of Workmen's Compensation (1975), 167 Mont. 251, 537 P.2d 1080, in support of their venue claim, and contend that Guthrie v. Department of Health and Environmental Sciences, et al. (1977), _____Mont._____, 561 P.2d 913, 34 St.Rep. 155, does not require a contrary result. Additionally, they claim that public policy against dissipating the time and resources of state agencies in defending their actions at far-flung locations throughout the state of Montana supports their position on venue. They deny that plaintiffs' right against self-incrimination is involved in determining venue; they say such constitutional right can only be asserted by a natural person and not a governmental entity [United States v. White (1944), 322 U.S. 694, 64 S.Ct. 1248, 88 L ed 1542] and the right cannot be invoked as a general bar to inquiry, but can only be asserted to specific disclosures sought [Kastigar v. United States (1972), 406 U.S. 441, 92A S.Ct. 1653, 32 L ed 2d 212].

- 3 -

Plaintiffs, on the other hand, agree that section 93-2902 governs venue in this action, but disagree as to the nature of their action and where it arises. They view their action as fundamentally one to establish and give effect to their constitutional right against self-incrimination. They assert that all of the conduct of defendants which they seek to prohibit occurred in Gallatin County; that is where the cause of action arose, and that is where venue lies. They cite Guthrie v. Department of Health and Environmental Sciences, supra; and the California case Cecil v. Superior Court (1943), 59 C.A.2d 793, 140 P.2d 125, in support of their position.

The statute controlling venue in this case is section 93-2902, which provides in pertinent part:

> "Actions for the following causes must be tried in the county where the cause, or some part thereof, arose * * *.
>
> "1. * * *
>
> "2. Against a public officer, or a person specially appointed to execute his duties, for an act done by him in virtue of his office; or against a person who, by his command or in his aid, does anything touching the duties of such officer."

A "public officer" within the meaning of this statute encompasses a governmental agency which can only act through its public officers and employees. Lunt v. Division of Workmen's Compensation, supra. Thus defendant Human Rights Commission, as well as defendant Brown its administrator, is a public officer within the meaning of this statute.

The crux of venue in this case is where "the cause, or some part thereof, arose" within the meaning of section 93-2902. Prior decisions of this Court have all turned upon this question with varying results, depending upon our view of the nature of the action involved in each case.

- 4 -

In Montana-Dakota Utilities Co. v. Public Service Commission (1940), 111 Mont. 78, 107 P.2d 533, an action to enjoin enforcement of an order of the Commission reducing utility rates for natural gas service in Valley and Phillips Counties, this Court held that venue was properly in Valley County where the action was originally filed, rather than Lewis and Clark County the official residence of the Commission and the place where the order was issued. Venue was determined under the statutory predecessor of section 93-2902 on the basis that plaintiff sought relief from operation of the order which would occur in Valley and Phillips Counties where the cause of action arose.

State ex rel. Fulton v. District Court (1961), 139 Mont. 573, 366 P.2d 435, an original petition seeking a writ of prohibition to restrain the district court of Cascade County from further proceeding with an action against the State Board of Equalization relating to its regulations concerning the corporation license tax, contains dictum to the effect that section 93-2902 requires the action to be filed in Lewis and Clark County, the official residence of the Board and the place where the regulations were issued.

Gildroy v. Anderson (1972), 159 Mont. 325, 497 P.2d 688, was an action for injunction to prevent the governor of Montana from implementing an executive order establishing multi-county planning and administration districts and changing the composition of existing districts. We held venue properly belonged in Lewis and Clark County, the county of the governor's official residence, rather than Musselshell County, one of the affected counties. We construed the objective of plaintiff's complaint as a challenge to an official act of the governor, allegedly exceeding his power and

authority vis-a-vis the state legislature, rather than a challenge to the merits of the operation of the executive order in redistricting the affected counties.

In Lunt v. Division of Workmen's Compensation, supra, an action for a writ of mandate to compel the state agency to set a hearing on petitioner's claim for worker's compensation benefits, we held venue property belonged in Lewis and Clark County, the situs of the agency's office, rather than Yellowstone County where the action was filed, because the action only involved a function of the agency's offices in Lewis and Clark County.

Finally, in Guthrie v. Montana Department of Health and Environmental Sciences et al., surpa, we again looked to the nature of the action in holding that venue properly lay in Teton County rather than Lewis and Clark County. This was an action by recreational and business users of land in Teton County near a subdivision development against the State Department of Health, the Teton County Commissioners and the subdivision developers. The action sought an injunction against the defendants to restrain further action that would physically alter the land in the subdivision until sanitary restrictions were properly lifted and plat approval properly secured. We construed the nature of the action as seeking to restrain alleged irreparable harm to Teton County land. Accordingly, we held Teton County was where the action arose and where venue was proper.

The root of the venue issue in the instant case is the conflicting view of the parties as to the nature of the action. Plaintiffs contend their action fundamentally involves their constitutional right against self-incrimination being denied them by conduct of defendants in Gallatin County. Defendants claim

plaintiffs' action is basically an attack seeking destruction or at least limitation of their statutory powers and authority to investigate complaints of discrimination under the act.

The merits of plaintiffs' action are not before us. Conway v. Fabian, 103 Mont. 574, 63 P.2d 1022. Venue must be determined on the basis of the allegations in plaintiffs' petition. Johnson v. Clark, 131 Mont. 454, 311 P.2d 772. In our view, the gist of plaintiffs' petition is that their constitutional right against self-incrimination is allegedly being infringed upon by defendants' investigatory activities and conduct in Gallatin County which they seek to arrest by a writ of prohibition. Plaintiffs' attack is not upon the statutory power and authority of the Commission to investigate complaints under the anti-discrimination act. Rather it is an attack on the Commission's method or manner of exercising those powers in conducting its investigation in Gallatin County, in alleged violation of constitutional guarantees. The attack is not upon the statutory powers of the Commission, but upon the conduct of defendants in Gallatin County in the exercise or operation of those powers. The cause of action arose in Gallatin County because the conduct of defendants there allegedly violated constitutional rights of Gallatin County residents and entities. Thus venue properly lies in Gallatin County under section 93-2902. Public policy considerations do not change our view.

We have considred the remaining contentions of defendants but consider them irrelevant to venue. They attack the merits of plaintiffs' petition, which is not before us on this appeal

The order of the district court denying a change of venue to Lewis and Clark County is affirmed.

_Frank I. Haswell_
Justice.

- 7 -

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

Mr. Justice Daniel J. Shea specially concurring:

I concur in the venue decision and the Court's refusal
to consider the merits of defendants' claim that plaintiffs
as entities, were asserting constitutional rights that belonged
only to individuals.  The district court has not yet ruled on
that question.  However, the district court and this Court
should have considered the obvious conflict of interest which the
county/has in asserting self-incrimination rights for his clients.
attorney

The conflict is between his function as prosecuting attorney
of Gallatin County and his function as civil legal advisor to
the school districts and trustees.  One of those functions must
prevail, and since the county would be without a prosecutor
if he chose his duty to be civil advisor to the school districts
and trustees, the duty to prosecute must prevail.  The school
districts involved should hire an independent lawyer.

Under section 16-3101, R.C.M. 1947, it is the function of
each county attorney to "conduct on behalf of the state, all
prosecutions for public offenses * * *."  The anti-discrimina-
tion act, section 64-312, R.C.M. 1947, provides that a willful
violation of the act, whether in committing a prohibited act
or in interfering with the activities of the Human Rights Commis-
sion, is a misdemeanor for which one can be fined and jailed.
Therefore, any violation of this act may ultimately fall in the
lap of the county attorney to prosecute.  In fact, there is no
other official who can bring a criminal prosecution under the
anti-discrimination act.  Under these circumstances the county
attorney has no right to prevent the disclosure of evidence
which may be incriminating.  Rather, it is his duty to obtain

- 9 -

the evidence and to prosecute if he determines there is a criminal violation. To allow him to proceed in this case is to strip the people of Montana of a prosecutor in Gallatin County for criminal proceedings under the anti-discrimination act.

Section 75-8305.1, R.C.M. 1947, expressly provides school districts may hire independent counsel in the event of a conflict of interest. The county attorney should advise the school boards they should retain independent counsel if they desire to raise the privilege against self-incrimination as a defense to the interrogatories propounded by the Human Rights Commission. If the county attorney will not voluntarily withdraw from the case, the district court should order that he withdraw and that plaintiffs hire independent counsel.

_____
Justice.