723 P.2d 898

**PRIEST LAKE COALITION, INC., an Idaho nonprofit corporation, Applicant-Respondent,**

v.

**STATE of Idaho, ex rel., John V. EVANS, Governor; Pete T. Cenarrusa, Secretary of State; Jim Jones, Attorney General; Joe R. Williams, State Auditor; and Jerry L. Evans, Superintendent of Public Instruction; as the State Board of Land Commissioners, and Stanley F. Hamilton, Director, Department of Lands, all in their official capacities, Respondents-Appellants.**

No. 16358.

Supreme Court of Idaho.

July 30, 1986.

Jim Jones, Atty. Gen. and Patrick J. Kole, Deputy Atty. Gen., Boise, for respondents-appellants.

Scott W. Reed, Coeur d'Alene, for applicant-respondent.

HUNTLEY, Justice.

This case presents the question of whether, in a suit challenging public officers' exercise of authority to exchange land, venue lies in the county impacted by the officers' action even though the officers approved the exchange and executed the title documents in the county of their official residence.

The State Board of Land Commissioners (land board), comprised of the Governor, Secretary of State, Attorney General, State Auditor, and Superintendent of Public Instruction, approved an exchange of public land for private land. Nearly all of the public land exchanged lies in Bonner County and none lies in Ada County. Before the exchange, the land board held hearings in which Priest Lake participated in both Bonner and Ada Counties. After the hearings, the land board, acting in Ada County, approved the exchange and executed various documents, including deeds, consummating the exchange. The deeds were then filed in Bonner County.

Priest Lake Coalition filed a petition for writ of mandate in Bonner County, seeking an order rescinding the exchange of public for private land. Priest Lake alleged the land board both exceeded its authority and improperly exercised any authority it might have had in approving the exchange.

The land board moved for change of venue to Ada County pursuant to I.C. § 5–402(2) (1985). That venue statute requires the trial of actions against public officers in the county where all or part of the cause of action arose:

5–402. Actions for penalties and against officers.—Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial:

. . . .

2. Against a public officer, or person specially appointed to execute his duties, for any act done by him in virtue of his office; or against a person who, by his command or in his aid, does anything touching the duties of such officer.

The land board reasons Priest Lake's entire cause of action arises from the board's approval of the land exchange. Since the board formally approved the exchange in Ada County, it argues venue lies there under I.C. § 5–402(2) (1985).

Notwithstanding the provisions of I.C. § 5–402(2) (1985), the district court, in reliance upon I.R.C.P. 40(e)(4) (1985), denied the land board's motion for change of venue. The district court reasoned that retaining venue in Bonner County would promote the ends of justice, such being one of the criteria listed in Rule 40(e)(4) (1985), stating grounds for a district court's discretionary denial of a motion for change of venue.[1]

---

**1.** I.R.C.P. 40(e)(4) authorizes discretionary denial of a motion for change of venue if the district court "finds that the convenience of witnesses *and* the ends of justice would be promoted by

The district court believed that the decision, which was a matter of immediate and great concern to Bonner County residents living near the exchanged land, should be made by a court in Bonner County. Regardless of the outcome of the case, the district court believed this would promote public confidence in the judiciary to a greater extent than would a decision by a court in Ada County. On these grounds, the court found venue in Bonner County would promote the ends of justice, and was therefore proper under I.R.C.P. 40(e)(4). However, in light of the apparent conflict between Rule 40(e)(4) and I.C. § 5-402(2), the district court certified the following question for review under I.A.R. 12 (1985):

> Whether Idaho Code § 5-402 requires that venue in an action against public officials be in the county in which the cause of action arose; or whether IRCP Rule 40(e)(4) modifies the mandatory provisions of § 5-402 so as to allow the court to engage in an exercise of discretion and deny an otherwise proper motion for change of venue pursuant to § 5-402 upon a finding that the ends of justice would be promoted by retaining jurisdiction in the county where the action was filed.

█ To analyze this question we first construe I.C. § 5-402(2). Under the statute, if all or part of the cause of action arose in Bonner County, then venue lies there and we need not reach the issue of whether venue might alternatively lie there under I.R.C.P. 40(e)(4). This case involved allegations that the land board both exceeded its authority and improperly exercised its authority. These two types of allegations have received different treatment under venue laws similar to § 5-402. Where suits allege public officers exceeded their authority (but do not allege they exercised their authority in an improper manner) some courts have held that the entire cause

of action arises in the county of the officers' official residence. *Lunt v. Division of Workmen's Compensation, Department of Labor and Industry of the State,* 167 Mont. 251, 537 P.2d 1080, 1081 (1975); *Guildroy v. Anderson,* 159 Mont. 325, 497 P.2d 688, 689-690 (1972); *Cf. School Dist. No. 7, Bozeman, Montana v. Human Rights Commission,* 173 Mont. 113, 566 P.2d 799, 801 (1977) (dictum).

In suits alleging only that the officers exercised their authority in a defective manner (but not that they exceeded their authority) some courts have held that venue lies in the county impacted by the officers' action. *Brown v. Superior Court,* 37 Cal.3d 477, 208 Cal.Rptr. 724, 691 P.2d 272 (1984); *Regents of the University of California v. Superior Court of Los Angeles County,* 3 Cal.3d 529, 91 Cal.Rptr. 57, 476 P.2d 457 (1970); *Stoneham v. Rushen,* 137 Cal.App.3d 729, 188 Cal.Rptr. 130 (Ct.App. 1982); *Ford v. Montana Dept. of Fish, Wildlife and Parks,* 676 P.2d 207 (Mont. 1984); *School Dist. No. 7, Bozeman, Montana v. Human Rights Commission,* 173 Mont. 113, 566 P.2d 799 (1977); *Guthrie v. Montana Dept. of Health and Environmental Sciences,* 172 Mont. 142, 561 P.2d 913 (1977); *Deaconess Hospital v. Washington State Highway Commission,* 66 Wash.2d 378, 403 P.2d 54 (1965). *But see, Tharp v. Superior Court of Tulane County,* 32 Cal.3d 496, 186 Cal.Rptr. 335, 651 P.2d 1141 (1982).

The purpose, if any, for differentiation of venue depending upon whether authority has been either exceeded or improperly exercised has not been convincingly articulated.

The purpose for permitting local venue is to provide the citizens most directly impacted by a public act with a practical and convenient forum in which to sue public

---

retaining jurisdiction [venue] in the county where the action is filed." I.R.C.P. 40(e)(4) (emphasis added). The district court found only that retention of venue in Bonner County would promote the ends of justice but did not find it would promote the convenience of witnesses.

Indeed, the court said it anticipated the need for few, if any, witnesses in the proceeding. Since we decide this case under I.C. § 5-402(2), we need not reach the issue of the correctness of the district court's application of Rule 40(e)(4).

officials. *Ford*, 676 P.2d at 209. The California Supreme Court has said:

> The underlying purpose of statutory provisions as to venue for actions against state agencies is to afford to the citizen a forum that is not so distant and remote that access to it is impractical and expensive. To that end, such provisions should be liberally construed in favor of the private litigant.

*Regents of the University of California*, 476 P.2d at 461.

In the instant case, the challenged land exchange directly and substantially affects many citizens of Bonner County. It is these citizens, through Priest Lake, who are suing the land board. We therefore interpret the applicable venue statute, I.C. § 5–402(2) (1985), liberally in favor of finding venue in the forum more practical and convenient for Bonner County citizens: Bonner County.

The statute allows venue in Bonner County if all or part of the cause of action arose there. Priest Lake's cause of action is for a writ of mandate requiring that the land board rescind its approval of the exchange of public for private land. Montana has a venue statute virtually identical to Idaho's and the Montana Supreme Court's interpretation of that statute (Mont.Code. Ann. § 93–2902) provides some guidelines for our interpretation of the Idaho statute. Several Montana cases have interpreted the Montana statute.

In *Ford*, a public agency whose official residence was in Lewis & Clark County demoted an employee working in Missoula County and the employee filed suit for a writ of mandamus requiring the agency to return him to his original position. The Montana Supreme Court held part of the cause of action arose in Missoula County. It reasoned Missoula was the county in which the employee originally worked as well as the one in which he worked after his demotion. The Montana court held that venue therefore lay in Missoula County. *Ford*, 676 P.2d at 209.

In the instant case, the vast majority of the land in issue and the persons most directly affected are in Bonner County. Therefore, under *Ford*, part of the cause of action arose in Bonner County and venue lies there under I.C. § 5–402(2). This conclusion holds even though the land board made its decision in Ada County.

In *Guthrie*, the Montana Wilderness Association sought an injunction against the Montana Department of Health and Environmental Sciences prohibiting the alteration of the character of land in Teton County until the association complied with certain statutory duties. *Guthrie*, 561 P.2d at 914. The Montana Supreme Court reversed the trial court and granted the Wilderness Association's motion for change of venue from Lewis & Clark County (the department's official residence) to Teton County, the location of the land in issue. *Id.* at 914. The court reasoned the action for an injunction arose entirely in the county threatened by the irreparable harm. The court said venue under the statute depended on two variables: First, the nature of the cause of action and second, the time and place where it sprang into existence. *Id.* at 916.

In dicta, the court noted actions for mandamus almost always lie in the county of the official residence because it is in that county which the official "officially refuses or neglects to act." *Id.* at 916 (quoting *Lunt v. Division of Workmen's Compensation, Department of Labor and Industry*, 537 P.2d 1080, 1081 (1975)).

However, the same court said in a later decision, *Ford*, that while it is the general rule that mandamus actions lie in the county of official residence, courts should not apply the rule so as to defeat the interest in providing a practical and convenient forum for plaintiffs. *Ford*, 676 P.2d at 209, (citing *Regents of University of California*, 476 P.2d at 461).

In *Tharp*, a car dealer brought a mandamus action to compel the New Motor Vehicles Board to dismiss certain proceedings allegedly beyond the jurisdiction of the Board. The California Supreme Court held venue lay in the county of the car dealer,

where the impact of the board's decision was felt, rather than in the county of the board's official residence. *Tharp,* 651 P.2d at 1144–45. The California venue statute is substantially the same as that in Idaho.[2]

In the instant case the impact of the board's decision was felt almost entirely in Bonner County. Nearly all the land in issue lies in Bonner County, and according to the district judge, the exchange created a "hot political issue" in Bonner County.

The authorization in I.C. § 5–402 of venue to counties in which part of the cause of action arose must be interpreted to include counties impacted by the decision of public officials. Such an analysis fulfills the primary legislative purpose behind the venue statutes—the ensuring of a practical and convenient forum for citizens suing public officials. Therefore, venue, in this case, lies in Bonner County.

The land board argues that this broad interpretation of I.C. § 5–402(2) (1985) will result in venue lying in multiple counties, subjecting public officials to conflicting court judgments, in instances where their decisions impact several counties. *Grand River Dam Authority v. State,* 645 P.2d 1011, 1013–14 (Okla.1982). Although the applicable statutory language in *Grand River* parallels I.C. § 5–402(2) (1985), we cannot so narrowly interpret that statute. The Idaho legislature said venue must lie in not only the county where the cause of action arose, but where any part of it arose. It seems unlikely that the legislature would include such broad language if it intended a reading of the venue statute

as narrow as that given in *Grand River.* The narrow interpretation in *Grand River* defeats the purpose of venue statutes, which is to provide a convenient and practical forum for citizens suing public officials.

■ Moreover, public officials do not necessarily have the absolute right to be sued in the county of their official residence. For example, if a suit were against a public official, but related to real property, under I.C. § 5–401 (1985) the action would have to be tried in the county in which all or part of the land was located. Furthermore, under I.C. § 5–402(1) (1985), an action for recovery of a statutory penalty or forfeiture must be tried in the county in which all or part of the cause of action arose. Under I.C. § 5–403 (1985), actions against counties may be brought in the county against which the action is brought. Under I.C. § 5–404 (1985), all other actions must be tried in the county in which the defendant resides. Therefore, actions against public officials may, on occasion, have to be tried in a county other than the county of the official's official residence.

■ In light of the broad interpretation to be given to venue statutes in order to provide a practical and convenient forum for citizens suing public officials, and in light of the broad statutory language of § 5–402(2) (1985) and the fact public officials are frequently amenable to suit outside of their official residence, the district court properly decided venue lies in Bonner County.[3]

---

**2.**  4.  California Code of Civil Procedure, section 393, reads in pertinent part:

   **Venue actions for penalty or forfeiture, and actions against public officers.**—"(1) Subject to the power of the court to transfer actions and proceedings as provided in this title, the county in which the cause, or some part thereof, arose, is the proper county for the trial of the following actions: ... (b) Against a public officer or person especially appointed to execute his duties, for an act done by him in virtue of his office; or against a person who, by his command or in his aid, does anything touching the duties of such officer.

**3.**  This decision may be an empty victory for Priest Lake. Entitlement to a writ of mandate

requires that Priest Lake prove no plain, speedy and adequate remedy at law exists. *Rufener v. Shaud,* 98 Idaho 823, 573 P.2d 142 (1977); *Lewis v. Mountain Home Co-Operative Irrigation Co.,* 28 Idaho 682, 692, 156 P. 419 (1916). Under I.C. § 67–5215(a) and (b) (1985), Priest Lake is entitled to judicial review of the land board's decision in the Ada County district court. We are not advised as to how the mandamus action can be maintained in Bonner County when an appeal, which may provide an adequate remedy at law, lies in Ada County. We do not however, on the basis of the record before us, determine whether the appeal is, in fact, an adequate remedy as to all issues between the parties.

Affirmed. Costs to respondent. No attorney fees awarded.

DONALDSON, C.J., and BISTLINE, J., concur.

BAKES, Justice, dissenting.

The district court certified, and this Court accepted for review pursuant to Idaho Appellate Rule 12, the following question:

"Whether Idaho Code § 5–402 requires that venue in an action against public officials be in the county in which the cause of action arose; or whether IRCP 40(e)(4) modifies the mandatory provisions of § 5–402 so as to allow the court to engage in an exercise of discretion and deny an otherwise proper motion for change of venue pursuant to § 5–402 upon a finding that the ends of justice would be promoted by retaining jurisdiction in the county where the action was filed."

The Court today does not answer the question certified and accepted, *i.e.*, "whether I.R.C.P. 40(e)(4) modifies the mandatory provisions of I.C. § 5–402," but instead decides this case solely on the interpretation of I.C. § 5–402(2), an issue which was not directly briefed by the parties. While some of the briefing peripherally touches on that issue, it has not had the close attention which could be expected of counsel, primarily because the sole issue before the Court is the issue certified and accepted by us, *i.e.*, whether I.R.C.P. 40(e)(4) modifies the mandatory provisions of I.C. § 5–402.

The district court concluded that the provisions of 5–402 were mandatory and, but for the application of the discretionary provisions in I.R.C.P. 40(e)(4), he would have been required to change the venue to Ada County. R. p. 4, lines 18–25. The very question certified to this Court by the district court was "whether I.R.C.P. 40(e)(4) modifies *the mandatory provisions of § 5–402....*" If this Court is not going to address the issue certified and briefed and argued by the parties, then we should dismiss this certified appeal rather than decide this case upon an issue not certified, briefed or argued by the parties.

Furthermore, the Court's statement, *ante* at 902, that "I.C. § 5–402's authorization of venue in counties in which part of the cause of action arose must be interpreted to include counties impacted by the decision of public officials," will render I.C. § 5–402's provision totally meaningless. Every action of the State Land Board in disposing of or trading property has an impact throughout the entire state. Not only the counties where the land is located are impacted, but the State Endowment Fund from which the public schools throughout the state are partially financed, would be affected by the decision. Accordingly, if as the Court's opinion indicates venue will lie in any county where the "impact of the board's decision was felt," then venue will lie in any county in Idaho for every decision of the State Land Board. The opinion of the Court cites no authority for that proposition, and indeed there is none. All of our prior decisions indicate the contrary.

We should either decide the certified question, or we should dismiss this appeal on the ground that the Rule 12 certification was improvidently granted.

I agree with the Court's footnote 3, *ante* at 902, that judicial review of the land board's administrative decision must be conducted in Ada County pursuant to I.C. § 67–5215(b). Our cases are clear that, in the absence of other statutory procedure for review of administrative decisions being set out in the statute, *e.g.*, *Swisher v. State Dept. of Environ. & Com. Serv.*, 98 Idaho 565, 569 P.2d 910 (1977); *Mills v. Swanson*, 93 Idaho 279, 460 P.2d 704 (1969), the procedure set out in the Administrative Procedures Act, I.C. § 67–5215(b), sets up the only means of appealing administrative agency decisions. Other types of civil actions, such as declaratory judgments, mandamus, etc., cannot be used to circumvent the procedure set out in the Administrative Procedures Act. *Bone v. City of Lewiston*, 107 Idaho 844, 693 P.2d 1046 (1984).

SHEPARD, J., concurs.