[S.F. No. 24412. Sept. 30, 1982.]

MORRIS A. THARP et al., Petitioners, v.
THE SUPERIOR COURT OF TULARE COUNTY, Respondent;
SAM W. JENNINGS, as Secretary, etc., et al., Real Parties in
Interest.

COUNSEL

Arthur C. Kralowec and Christenson & Kralowec for Petitioners.

No appearance for Respondent.

George Deukmejian, Attorney General, and George J. Roth, Deputy Attorney General, for Real Parties in Interest.

OPINION

KAUS, J.—Mandate pursuant to section 400 of the Code of Civil Procedure, to require the Tulare County Superior Court to vacate an order granting the motion of the real party, Sam W. Jennings, Secretary of the New Motor Vehicles Board (board), for a change of venue to Sacramento County.

I

Petitioners Morris A. Tharp and Michael L. Tharp, dba Tharp Chevrolet-Buick (Tharp), filed a petition for writs of prohibition and mandate in the Tulare County Superior Court seeking to compel the board to dismiss a certain proceeding pending before it under the provisions of section 3060 et seq. of the Vehicle Code and to take no further action to revoke or suspend Tharp's temporary permit to sell new motor vehicles.[1]

Doris Alexis, the Director of Motor Vehicles who had also been named a respondent in Tharp's petition, appeared through the chief counsel for the department and answered the petition. Jennings, however, represented by the Attorney General, moved for a change of venue to Sacramento County, supporting that motion by an appropriate demand to that effect. The basis for the Attorney General's motion was Government Code section 955 which at all relevant times read as follows: "The proper court for trial of actions against the State for the taking or damaging of private property for public use is a court of competent jurisdiction in the county in which the property is situate. [¶] Except as provided in Sections 955.2 and 955.3, upon written demand of the Attorney General made on or before answering, the place of trial in other actions shall be changed to Sacramento County."

---

[1]The precise issues involved in the dispute between Tharp and the board are irrelevant to this proceeding. Suffice it to say that Tharp claims that he has an absolute right that his temporary permit be made a permanent license and that the proceedings pending before the board are illegal for jurisdictional and other reasons.

Since Tharp's writ proceeding is obviously not an action for inverse condemnation and as the provisions of sections 955.2 and 955.3 of the Government Code concededly do not apply, it is respondent's argument that section 955 left the trial court no choice but to change the venue to Sacramento.

For reasons rooted in the legislative lineage of section 955, we disagree.

## II

The oldest ancestor of section 955 of the Government Code to which we have been able to trace, is an unnumbered paragraph in section 688 of the former Political Code, enacted in 1929. (Stats. 1929, ch. 516, § 3, p. 891.)

Section 688 outlined in some detail the necessary proceedings in suits against the state on "a claim on express contract or for negligence ...." It provided, inter alia, for (1) the presentation of a claim to the board of control as a prerequisite to suit, (2) a short period of limitations after rejection of the claim, (3) an undertaking, and (4) the method of payment if the suit proved successful. About half way down the section we find the following as part of an unnumbered paragraph: "It shall be the duty of the Attorney General to defend all such suits; *and upon his written demand made at or before the time of answering, the place of trial of any such suit must be changed to the County of Sacramento.*" (Italics added.)

There can be no doubt that the phrase "any such suit" refers only to the suits mentioned in section 688, that is to say, claims on express contracts or for negligence.[2]

Section 688 of the Political Code was repealed in 1945, when the Legislature added to the Government Code a more detailed statute governing claims and actions against the state. (Stats. 1945, ch. 119, p. 510.) Section 16050 of the Government Code, part of the new legislation, read as follows: "The proper court for trial of actions for the taking or damaging of private property for public use is a court of com-

---

[2]Section 688 of the Political Code was twice amended, first by Statutes 1931, chapter 325, section 15, page 849 and, two years later, by Statutes 1933, chapter 886, section 1, page 2299. Neither amendment effected any change of substance as far as the issues in this litigation are concerned.

petent jurisdiction in the county in which the property is situate. [¶] Upon written demand of the Attorney General made on or before answering, the place of trial in other actions shall be changed to Sacramento County."

It is immediately apparent that but for the two exceptions relating to sections 955.2 and 955.3 of the Government Code, the 1945 statute and today's section 955 are identical. It is also apparent that like its immediate predecessor (§ 688 of the Pol. Code), section 16050 of the Government Code purported to apply only to actions described in the 1945 legislation. These were, according to former section 16041 of the Government Code, claims against the state, "(1) on express contract, (2) for negligence, or (3) for the taking or damaging of private property for public use within the meaning of Section 14 of Article I of the Constitution, . . ."

The 1945 legislation was, in turn, repealed in 1959 when the Legislature added chapters 1 and 3 to division 3.5 of title 1 of the Government Code. (Stats. 1959, ch. 1715, p. 4115.) This legislation covered essentially the same ground as the 1945 statute which it replaced. According to what had then become section 641 of the Government Code, it covered claims against the state based on express contract, negligence and inverse condemnation; it required the presentation of a claim before suit and, in section 651, it again provided that—except in inverse condemnation actions—on written demand of the Attorney General the place of trial should be changed to Sacramento County.

Finally, in 1963 (Stats. 1963, ch. 1715, p. 3372) the Legislature, as part 3 of division 3.6 of title 1 of the Government Code, enacted a comprehensive statute governing claims against all public entities, state and local. Part of the same legislation was part 4 of division 3.6, which covered actions against public entities, including the state. There can be no doubt that the actions against public entities to which part 4 relates, are only those to which the claims procedures of part 3 apply—claims for money or damages (Gov. Code, §§ 905, 905.1)—or claims which, though for money or damages, are specifically exempted from the requirement of a claim by part 3 itself—for example, the matters listed in sections 905 and 905.2 of the Government Code. (See Gov. Code, §§ 945.4 and 945.8.) Section 955 is part of chapter 4 of part 4— "Special Provisions Relating To Actions Against The State"—and there is absolutely no reason to suppose that it relates to any type of action other than those covered by the 1963 legislation which, to repeat, are:

actions on claims for money or damages for which the filing of a claim is a statutory prerequisite or actions on claims for money or damages which are specifically exempted from the filing requirement.

In sum, section 955 of the Government Code and its predecessors— Political Code section 688, Government Code section 16050, Government Code section 651—have always been an integral part of a statutory scheme which prescribes procedures for the presentation of claims and actions on such claims for money or damages. While the statutes in question became progressively more complex and broader in scope and, therefore, the various sections relating to venue lost their cosy relationship with the provisions of the statute which outlined its coverage—it will be recalled that in 1945 the venue provision was an unnumbered paragraph in section 688 of the Political Code—they never acquired, as respondent would have it, any significance beyond the four corners of the legislation of which they were a part.

This conclusion is amply borne out by the only case directly in point —*Duval* v. *Contractors State License Board* (1954) 125 Cal.App.2d 532 [271 P.2d 194]. In *Duval*, a San Bernardino contractor whose license had been revoked, proceeded to test the validity of the revocation under section 1094.5 of the Code of Civil Procedure. He filed his petition in the San Bernardino County Superior Court. The board, purporting to proceed under the then predecessor to section 955 of the Government Code, section 16050 of that code, successfully demanded a change of venue to Los Angeles County.[3] On appeal the order was reversed. The court pointed out that section 16050 of the Government Code was contained in a part entitled "Claims Against the State," the ambit of which was defined by then section 16041 to include only claims based on express contract, negligence or inverse condemnation. If section 16050 were to be interpreted to apply to other actions against the state, it would nullify, as far as state officers were concerned, subdivision (1)(b) of section 393 of the Code of Civil Procedure.[4] Yet only a short

---

[3]Code of Civil Procedure section 401, subdivision (1), provides in substance that whenever an action may be removed to the County of Sacramento, it may also be removed to any other county where the Attorney General has an office, such as Los Angeles.

[4]Code of Civil Procedure section 393 reads in relevant part as follows: "(1) Subject to the power of the court to transfer actions and proceedings as provided in this title, the county in which the cause, or some part thereof, arose, is the proper county for the trial of the following actions: ... [¶] (b) Against a public officer or person especially appointed to execute his duties, for an act done by him in virtue of his office; or against a person who, by his command or in his aid, does anything touching the duties of such officer."

time before the 1945 legislation which created the part in which section 16050 was to be found, the Court of Appeal in *Cecil* v. *Superior Court* (1943) 59 Cal.App.2d 793 [140 P.2d 125] had held that an action against the Director of Agriculture based on his revocation of a milk distributor's license, was properly brought in the county in which the licensee carried on its business and where it would be hurt by the official action. If the Legislature had disagreed with the result reached in *Cecil*, it had had adequate opportunities to nullify it, but had never done so.

### III

■ Jennings maintains that even if section 955 of the Government Code is inapplicable, he still has an absolute right to trial in Sacramento County by virtue of section 395 of the Code of Civil Procedure which reads, in relevant part: "(a) Except as otherwise provided by law ... the county in which the defendants or some of them reside at the commencement of the action is the proper county for the trial of the action...." The question then is whether trial in another county is "otherwise provided by law." (*Central Contra Costa Sanitary Dist.* v. *Superior Court* (1978) 84 Cal.App.3d 702, 705 [148 Cal.Rptr. 801]; *Delgado* v. *Superior Court* (1977) 74 Cal.App.3d 560, 564 [141 Cal. Rptr. 528].) As this court recognized in *Regents of University of California* v. *Superior Court* (1970) 3 Cal.3d 529, 535 [91 Cal.Rptr. 57, 476 P.2d 457], subdivision (1)(b) of section 393 (see fn. 4, *ante*) is just such a provision, authorizing trial in the county where the cause of action arose in an action "[a]gainst a public officer ... for an act done by him in virtue of his office ...." In this case, as in *Duval* and *Cecil*, the county in which Tharp's cause of action arose was the county in which it carried on its business and would be hurt by the official action—i.e., Tulare County. (See also *Regents of University of California* v. *Superior Court, supra*, 3 Cal.3d 529, 538-539, 542.)

Jennings claims, however, that because section 393, subdivision (1)(b) has been held inapplicable to suits against public officers designed solely to prevent the doing of certain acts in the future (*Bonestell, Richardson & Co.* v. *Curry* (1908) 153 Cal. 418, 420 [95 P. 887]), section 393 does not apply here since the proceedings before the board have not yet concluded. We think that Jennings confuses the issues of ripeness and venue.

Petitioners complain, rightly or wrongly, that after they had been granted a temporary permit to operate a Chevrolet franchise, the board,

without having jurisdiction to do so, noticed and held a hearing under section 3066 of the Vehicle Code, the effect of which could be to put them out of business as a new car dealer. In fact, according to the mandate petition below, two days before it was filed, general counsel for the Department of Motor Vehicles called petitioner's counsel and indicated that the board had "ordered" the Department of Motor Vehicles to "revoke, suspend or rescind petitioner's license to sell new Chevrolet motor vehicles." While petitioners may be quite premature in seeking judicial assistance against Jennings or the department, clearly the matter has proceeded beyond the contemplation stage. The question under section 393, subdivision (1)(b), is not whether the dispute between Tharp and the board is ripe for decision. It is, rather, whether petitioners complain that they have been injured by "an act done by [Jennings] in virtue of his office." The answer is clearly "yes."

Let a peremptory writ of mandate issue directing respondent court to vacate its order for change of venue to Sacramento County.

Bird, C. J., Mosk, J., Richardson, J., Broussard, J., Reynoso, J., and Scott, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.