[S.F. No. 24753. Dec. 6, 1984.]

ANDREW BROWN et al., Petitioners, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
C.C. MYERS, INC., et al., Real Parties in Interest.

478

COUNSEL

Alberta M. Blumin and Jeffery Brand for Petitioners.

John K. Van de Kamp, Attorney General, Andrea Sheridan Ordin, Chief Assistant Attorney General, Marian M. Johnston and Manuel M. Medeiros, Deputy Attorneys General, as Amici Curiae on behalf of Petitioners.

No appearance for Respondent.

Mark A. Meier, Michael B. O'Harra, Nageley, Tennant & Parshall and Nageley, O'Harra & Tweedy for Real Parties in Interest.

OPINION

**BIRD, C. J.**—Do the special venue provisions of the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12965, subd. (b)) control over the general venue provisions of Code of Civil Procedure section 395, subdivision (a) where both FEHA and non-FEHA causes of action are alleged?

I.

Petitioners, Andrew Brown, Charles Jones and Sam George, were employed by real parties in interest, C.C. Myers, Inc., other corporate entities and several individuals (hereafter defendants), on a highway construction project in Alameda County. Defendants allegedly discriminated against and

ultimately discharged Brown and Jones because they are black. George, who is white and was a foreman on the project, was discharged because he refused to participate in defendants' alleged discriminatory practices.

On June 22, 1981, petitioners filed a complaint against defendants in the Alameda County Superior Court, alleging (1) intentional infliction of emotional distress, (2) wrongful discharge, and (3) a violation of petitioners' federal civil rights (42 U.S.C. § 1981). Each of the three claims was based on the same factual allegations regarding liability and damages. Petitioners also filed complaints alleging employment discrimination with the California Department of Fair Employment and Housing (Department).

Sometime after petitioners filed their complaint in the superior court, the Department notified them of their right to bring a civil action under the FEHA. (Gov. Code, § 12900 et seq.[1])

In June 1982, petitioners amended their complaint to add an FEHA cause of action and to delete the federal civil rights claim. The FEHA cause of action incorporated the same factual allegations regarding liability and damages as the emotional distress and wrongful discharge claims.[2]

Prior to filing an answer, defendants moved for a change of venue to Sacramento County on the grounds that three individual defendants resided there, the corporate defendants' principal places of business were located there, and none of the defendants resided in Alameda County. Respondent court granted the motion and ordered the case transferred to Sacramento County. No reasons were stated in support of this ruling.

Petitioners seek a writ of mandate to compel respondent court to vacate its order changing venue to Sacramento County. (Code Civ. Proc., § 400.)

---

[1] All statutory references are to the Government Code unless otherwise noted.

[2] The intentional infliction of emotional distress claim asserted that petitioners were entitled to compensatory damages for emotional distress, loss of earnings and punitive damages. Petitioners alleged, inter alia, that each of the defendants engaged in and/or ratified "the use of racial slurs in reference to Black people, [the] telling of jokes which degraded Black people, the discriminatory assignment of work to Black employees, the discriminatory hiring, firing and laying off of Blacks, and the provision of discriminatory terms and conditions of employment to Black persons."

The wrongful discharge cause of action incorporated all of the liability and damages allegations of the emotional distress cause of action, and additionally alleged that defendants had wrongfully discharged each petitioner.

The FEHA cause of action similarly incorporated all of the liability and damages allegations of the emotional distress cause of action and additionally alleged that (1) defendants' conduct constituted racial discrimination in employment in violation of the FEHA, (2) petitioners had satisfied the procedural conditions for the filing of an FEHA action, and (3) petitioners should be reinstated as employees.

## II.

■ Venue is determined based on the complaint on file at the time the motion to change venue is made. (*Haurat* v. *Superior Court* (1966) 241 Cal.App.2d 330, 337 [50 Cal.Rptr. 520]; see 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 425, p. 1257.) In this case, the complaint alleged three causes of action: (1) intentional infliction of emotional distress, (2) wrongful discharge, and (3) FEHA violations.

It is undisputed that if petitioners had alleged only FEHA violations, the FEHA venue statute would govern. In that instance, venue would be in Alameda County—the county in which the discriminatory practices were allegedly committed. (§ 12965, subd. (b).[3]) However, here, two non-FEHA causes of action were also alleged. ■ ■ ■ ■ These claims would normally be governed by Code of Civil Procedure section 395, subdivision (a),[4] which controls venue in "transitory" actions.[5]

■ ■ ■ ■ ■ This court must determine whether the special provisions of the FEHA or the general provisions of section 395 control if both FEHA and non-FEHA claims arising from the same facts are alleged in the same complaint.[6]

---

[3]Section 12965, subdivision (b) provides in relevant part: "*Such an action may be brought in any county in the state in which the unlawful practice is alleged to have been committed,* in the county in which the records relevant to such practice are maintained and administered, or in the county in which the aggrieved person would have worked or would have had access to the public accommodation but for the alleged unlawful practice, but if the defendant is not found within any such county, such an action may be brought within the county of *defendant's residence or principal office.*" (Italics added.)

[4]Section 395, subdivision (a) provides in relevant part: "Except as otherwise provided by law . . . the county in which the defendants or some of them reside at the commencement of the action is the proper county for the trial of the action. If the action is for injury to person or personal property . . . either the county where the injury occurs . . . or the county in which the defendants, or some of them reside at the commencement of the action, shall be a proper county for the trial of the action."

All further references to section 395 are to section 395, subdivision (a) of the Code of Civil Procedure.

[5]For venue purposes, actions are classified as local or transitory. To determine whether an action is local or transitory, the court looks to the "main relief" sought. Where the main relief sought is personal, the action is transitory. Where the main relief relates to rights in real property, the action is local. (See 2 Witkin, Cal. Procedure, *supra,* Actions, § 424, at pp. 1255-1256.)

Since the main relief sought in intentional infliction of emotional distress and wrongful discharge claims is personal in nature, those actions are classified as transitory.

[6]As to the corporate defendants, there is yet another relevant venue statute, Code of Civil Procedure section 395.5. That section provides in relevant part: "A corporation or association may be sued in the county where the . . . liability arises . . . ."

Petitioners argue that as to the corporate defendants, venue is proper in Alameda County because the alleged discriminatory practices occurred there.

However, it is well recognized that when a plaintiff brings an action against several de-

■ It is well established that a defendant is entitled to have an action tried in the county of his or her residence unless the action falls within some exception to the general venue rule. (*Kaluzok v. Brisson* (1946) 27 Cal.2d 760, 763-764 [167 P.2d 481, 163 A.L.R. 1308]; *Mosby v. Superior Court, supra,* 43 Cal.App.3d at pp. 223-224; *Holstein v. Superior Court* (1969) 275 Cal.App.2d 708, 710 [80 Cal.Rptr. 301].) Section 395 codifies this rule and provides that the trial of the action shall be in the county of the defendant's residence, "[e]xcept as otherwise provided by law."

Three cases have construed the "[e]xcept as otherwise provided by law" language of section 395. In *Delgado v. Superior Court* (1977) 74 Cal.App.3d 560 [141 Cal.Rptr. 528], the plaintiff filed an action in Sacramento County for property damage, personal injuries and wrongful death. The named defendants were Yolo County, a Sacramento automobile dealership and an automobile manufacturer. Yolo County moved to change venue to that county under Code of Civil Procedure section 394. That section provides that an action against a county for an injury occurring there shall be tried in that county. The superior court granted the motion. (*Delgado, supra,* 74 Cal.App.3d at p. 562.)

The Court of Appeal affirmed the superior court's ruling on the ground that Code of Civil Procedure section 394 governed venue. The court reasoned that the phrase "[e]xcept as otherwise provided by law" is a "true subordinating declaration" which permits application of section 395 only when no other venue provision applies. (*Delgado, supra,* 74 Cal.App.3d at p. 564.)

*Delgado* was followed in *Central Contra Costa Sanitary Dist. v. Superior Court* (1978) 84 Cal.App.3d 702 [148 Cal.Rptr. 801]. There, a San Francisco resident filed an action for damages in San Francisco County against a local Contra Costa County agency and a San Francisco corporation. The local agency sought a change of venue pursuant to Code of Civil Procedure section 394, subdivision (1).[7] The trial court denied the motion. (*Central Contra Costa, supra,* 84 Cal.App.3d at p. 704.)

---

fendants, both individual and corporate, in a county in which none of the defendants reside, an individual defendant has the right to change venue to the county of his or her residence. This is true even though the action was initially brought in a county where the corporate defendants may be sued under Code of Civil Procedure section 395.5. (*Carruth v. Superior Court* (1978) 80 Cal.App.3d 215, 220-221 [145 Cal.Rptr. 344, 12 A.L.R.4th 1269]; *Mosby v. Superior Court* (1974) 43 Cal.App.3d 219, 226 [117 Cal.Rptr. 588]; see *The G. & S. Co. v. The M. & H.F.C. Co.* (1895) 107 Cal. 378, 381 [40 P. 495]; *Brady v. The Times-Mirror Co.* (1895) 106 Cal. 56, 58 [39 P. 209]; see also 2 Witkin, Cal. Procedure, *supra,* Actions, § 513, at pp. 1335-1336.) Therefore, Code of Civil Procedure section 395.5 does not determine venue in this case.

[7]Section 394, subdivision (1) provides in relevant part: "Whenever an action or proceeding is brought against a . . . local agency, in any county, . . . other than that in which the defendant is situated, the action or proceeding must be, on motion of the said defendant, transferred [to a neutral county]."

The Court of Appeal directed the trial court to set aside its order denying the motion. (*Central Contra Costa, supra,* 84 Cal.App.3d at p. 706.) Relying on *Delgado,* the court held that Code of Civil Procedure section 394 prevailed over the "subordinate residence venue provisions" of section 395. (*Central Contra Costa, supra,* 84 Cal.App.3d at p. 705.)

Finally, in *Tharp* v. *Superior Court* (1982) 32 Cal.3d 496 [186 Cal.Rptr. 335, 651 P.2d 1141], an automobile dealership brought an action against the secretary of the New Motor Vehicles Board to dismiss certain licensing proceedings. The trial court granted the secretary's motion for change of venue to Sacramento County from Tulare County where the cause of action had arisen. (*Id.,* at pp. 498, 502.)

In directing the trial court to vacate its order, this court held that venue was controlled by Code of Civil Procedure section 393. Under that statute, trial had to be held in the county where the cause of action arose against the public officers for acts undertaken in their official capacity. The court concluded that that statute constituted an exception to section 395. (*Tharp, supra,* 32 Cal.3d at pp. 502-503; see also *Regents of University of California* v. *Superior Court* (1970) 3 Cal.3d 529, 535 [91 Cal.Rptr. 57, 476 P.2d 457].)

In each of these cases, the more specific venue provisions governed. None of these cases involved several causes of action subject to conflicting venue provisions. In each case, the prevailing venue provisions were found to be bona fide exceptions to section 395.

Here, neither party disputes that the FEHA venue statute establishes an exception to section 395. The question is whether that exception governs all the causes of action and prevails over section 395, just as the specific venue provisions did in *Delgado, Central Contra Costa,* and *Tharp.* Thus, the issue is whether the FEHA venue statute applies to non-FEHA claims which arise from the same facts as an FEHA claim alleged in the same complaint.

In construing the FEHA venue statute, this court is guided by well-settled rules. ■ "The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.] ■ Moreover, 'every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' [Citation.]" (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) ■ A construction rendering statutory language surplusage " 'is to be avoided.' " (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230

[110 Cal.Rptr. 144, 514 P.2d 1224]; *People* v. *Gilbert* (1969) 1 Cal.3d 475, 480 [82 Cal.Rptr. 724, 462 P.2d 580].)

■ To determine the Legislature's intent, the court looks first to the words of the statute. (*Moyer* v. *Workmen's Comp. Appeals Bd., supra,* 10 Cal.3d at p. 230.) ■ However, the legislative purpose will not be "sacrificed to a literal construction of any part of the act." (*Select Base Materials* v. *Board of Equal., supra,* 51 Cal.2d at p. 645.) The language of a statute " ' " 'should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend.' " ' [Citations.]" (*Younger* v. *Superior Court* (1978) 21 Cal.3d 102, 113 [145 Cal.Rptr. 674, 577 P.2d 1014].)

■ With these principles in mind, this court turns to the language of the FEHA venue statute. Section 12965, subdivision (b) provides in relevant part that "the person claiming to be aggrieved may bring a *civil action under this part* [§ 12900 et seq.] against the person, employer, labor organization or employment agency named in the verified complaint . . . . *Such an action* may be brought in any county in the state in which the unlawful practice is alleged to have been committed . . . ." (Italics added.)

The phrase "such an action" obviously refers to "a civil action under this part." This latter phrase is reasonably susceptible of two constructions. As defendants assert, the phrase could mean that only FEHA claims may be pursued in the county where the discriminatory practice allegedly occurred. Alternatively, as petitioners contend, the phrase could signify that *any* civil action which contains an FEHA claim may be brought in that county. Both constructions are reasonable.

■ It is not clear from the language of section 12965 which interpretation was intended. Therefore, this court must look at the purpose of the law to ascertain the Legislature's intent. (*Moyer* v. *Workmen's Comp. Appeals Bd., supra,* 10 Cal.3d at pp. 230-232.)

■ The FEHA establishes a comprehensive scheme for combating employment discrimination. (*Snipes* v. *City of Bakersfield* (1983) 145 Cal.App.3d 861, 865 [193 Cal.Rptr. 760]; see *Commodore Home Systems, Inc.* v. *Superior Court* (1982) 32 Cal.3d 211 [185 Cal.Rptr. 270, 649 P.2d 912].) As a matter of public policy, the FEHA recognizes the need to protect and safeguard the right and opportunity of all persons to seek and hold employment free from discrimination. (§ 12920.) This court has declared that policy to be "fundamental." (*Commodore Home Systems, Inc.* v. *Superior Court, supra,* 32 Cal.3d at p. 220.)

Moreover, the opportunity to be free from discriminatory practices in seeking, obtaining, and holding employment is a "civil right." (§ 12921.) Employment discrimination "foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advance, and substantially and adversely affects the interest of employees, employers, and the public in general." (§ 12920.) The express purpose of the FEHA is "to provide effective remedies which will eliminate such discriminatory practices." (*Ibid.*) In addition, the Legislature has directed that the FEHA is to be construed "liberally" so as to accomplish its purposes. (§ 12993.)

Section 12965, subdivision (b) affords a wide choice of venue to persons who bring actions under the FEHA. This choice maximizes the ability of persons aggrieved by employment discrimination to seek relief from the courts, and it facilitates the enforcement of the FEHA.

In addition, venue is an important consideration for a plaintiff in an employment discrimination suit. Where the case is to be tried impacts on the cost of the litigation. Victims of employment discrimination are frequently unemployed—many times as the result of the alleged discrimination. They often lack financial resources. For such individuals, the costs of litigation pose a formidable barrier to the filing and prosecution of an FEHA action. The Legislature recognized this barrier and sought to alleviate it by providing these persons with a wide choice of venue. They should not be deprived of that choice simply because they choose to plead alternative theories of recovery. Nor should they be subject to the added burden of trying an action in a county which may be hundreds of miles away from their own choice of venue.

Venue considerations also have a substantial impact on an attorney's decision to undertake representation. An attorney is more likely to accept representation in an FEHA case if venue is available in a location that facilitates prosecution of the action and minimizes travel and other costs, including the costs of securing important witnesses for trial.

Moreover, employment discrimination cases, by their very nature, involve several causes of action arising from the same set of facts. A responsible attorney handling an employment discrimination case must plead a variety of statutory, tort and contract causes of action in order to fully protect the interests of his or her client.[8] In these cases, an overly technical

---

[8]Here, for example, as petitioners' attorney explained at oral argument, it was not clear whether defendants' alleged use of racial epithets was actionable under the FEHA as it read in 1980, when the acts allegedly occurred. However, it was clear that such conduct may give rise to a tort cause of action for the intentional infliction of emotional distress. (See,

reading of section 12965 would frustrate the intent of the statute and lead to absurd results.

If the statute were construed so as to apply to cases involving only FEHA causes of action, aggrieved persons with FEHA claims would be faced with a Hobson's choice. If they wished to avail themselves of the FEHA venue rules, they would be forced to abandon their non-FEHA claims or to try those claims in a separate action in a different county than that in which the FEHA claims were tried. Such a result would fly in the face of judicial economy. On the other hand, if FEHA claimants wished to have the entire action tried in one county, they would be forced to accede to the defendant's chosen place of venue. This scenario would render the FEHA's special venue rules mere surplusage. Surely, the Legislature never intended either result.

The wide choice of venue afforded plaintiffs by the FEHA venue statute effectuates enforcement of that law by permitting venue in a county which plaintiffs deem the most appropriate and convenient. The Legislature clearly intended the FEHA venue provisions to apply not only to FEHA actions, but also to related claims pled under alternative theories but based on the same set of facts. To hold otherwise would dilute the efficacy of the injured employee's remedy by gutting the FEHA's special venue provisions. The important civil rights which the act codifies would in turn be rendered meaningless.

This court therefore holds that the special provisions of the FEHA venue statute control in cases involving FEHA claims joined with non-FEHA claims arising from the same facts.[9] Thus, the FEHA venue statute governs the entire action and section 395 does not apply. In so construing section 12965, this court adds that statute to the list of exceptions found in *Delgado, Central Contra Costa* and *Tharp*. (See *ante,* at p. 481.)

### III.

This holding does not dilute what have been called "mixed action" rules. (See 6 Grossman & Van Alstyne, Cal. Practice (2d ed. 1981) Venue, § 365,

e.g., *Agarwal* v. *Johnson* (1979) 25 Cal.3d 932, 945-947 [160 Cal.Rptr. 141, 603 P.2d 58]; *Alcorn* v. *Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 498-499 [86 Cal.Rptr. 88, 468 P.2d 216].) Thus, to fully protect her clients, petitioners' attorney chose to plead an intentional infliction of emotional distress cause of action in the event the FEHA claim was found not to cover such conduct.

[9]In spite of this clear holding, nothing in this opinion suggests that a plaintiff may defeat a defendant's right to trial in the defendant's county of residence by simply appending an FEHA count to a complaint. In order for the FEHA venue provision to control, the non-FEHA claims must rest on similar factual allegations as the FEHA count.

Here, all the claims rest on similar facts. (See *ante,* fn. 2.) Also, it is clear that the FEHA claim was not added as an afterthought, but was alleged after petitioners received the requisite right-to-sue letters from the Department. (See *ante,* at pp. 483-484.)

p. 389 et seq. [hereafter *Grossman & Van Alstyne*].) In a mixed action, a plaintiff alleges two or more causes of action each of which is governed by a different venue statute. Or, two or more defendants are named who are subject to different venue standards. (See *Grossman & Van Alstyne, supra,* at p. 389.) "The identifying characteristic of mixed actions is that two or more inconsistent venue provisions . . . appear to be concurrently applicable in the same case." (*Ibid.*)

In cases with mixed causes of action, a motion for change of venue must be granted on the entire complaint if the defendant is entitled to a change of venue on any one cause of action. (*Ah Fong* v. *Stearnes* (1889) 79 Cal. 30, 33 [21 P. 381]; *Morrison* v. *Superior Court* (1980) 100 Cal.App.3d 852, 855-856 [161 Cal.Rptr. 169]; *Jhirmack Enterprises, Inc.* v. *Superior Court* (1979) 96 Cal.App.3d 715, 720-721 [158 Cal.Rptr. 192]; *Johnson* v. *Superior Court* (1965) 232 Cal.App.2d 212, 217 [42 Cal.Rptr. 645]; *Goossen* v. *Clifton* (1946) 75 Cal.App.2d 44, 48-50 [170 P.2d 104]; see also *Grossman & Van Alstyne, supra,* at pp. 418-419.[10])

 It is true that this is a mixed action. The general venue provisions of section 395 normally govern causes of action for the intentional infliction of emotional distress and wrongful discharge, while the special venue provisions of section 12965 govern FEHA causes of action. At first blush, it would appear that two different venue statutes are applicable.

However, the important public policies sought to be effectuated by the FEHA compel the conclusion that the FEHA venue provision controls here. A contrary conclusion would render the special venue provisions of the FEHA mere surplusage and frustrate the intent of the Legislature. Although the mixed action rule recognizes a preference for trial in the county of a defendant's residence, that preference is outweighed by the strong countervailing policy of the FEHA which favors a plaintiff's choice of venue. (See *ante,* at pp. 485-487.)

### IV.

Petitioners alleged an FEHA cause of action as well as causes of action for the intentional infliction of emotional distress and wrongful discharge.

---

[10]The operation of the mixed action rule has also been summarized as follows: "[I]f in [a mixed] action the non-residence county in which the action was commenced is improper venue with respect to one of the counts, even though good as to the rest, the entire action will be transferred on motion to the county of a defendant's residence, because the entire action, being a mixed action, is not within any statutory exception authorizing venue elsewhere than in a residence county." (*Grossman & Van Alstyne, supra,* at pp. 418-419, fn. omitted.)

All three claims rest upon the same factual allegations, and all three are based on the same allegedly discriminatory practices. (See *ante,* fn. 2.) Those discriminatory practices are alleged to have been committed in Alameda County, and the action was filed in that county pursuant to the FEHA venue statute. Since that statute controls, Alameda is the proper county for the trial of this action.

Accordingly, let a peremptory writ of mandate issue directing respondent court to vacate its order changing venue to Sacramento County.[11]

Broussard, J., Reynoso, J., Grodin, J., and Lucas, J., concurred.

**MOSK, J.**—I concur.

At the outset I observe that the locale of this lawsuit is not of transcendent importance. We are not involved with a movement from Imperial County to Del Norte County, but only to or from Sacramento and Alameda, a bus ride of a little more than an hour and thus not seriously imposing on any of the parties or witnesses.

What is significant is the chronology of pleadings in this case. The original complaint was filed on June 22, 1981. It was not served on the defendants. The amended complaint was filed on June 14, 1982. The motion to change venue was made on July 27, 1983.

While the plaintiffs' delay of nearly a year in amending their complaint to include an FEHA cause of action is difficult to rationalize, there is no indication it was added merely to defeat a venue change. The motion to change venue was made only after the amended complaint was filed.

What concerns me, however, is the possibility that this opinion may be read to compel a venue change under somewhat different circumstances. If a plaintiff alleges a common law tort cause of action, a motion for change of venue is promptly made by the defendant, and thereafter a redundant statutory cause of action is added by the plaintiff apparently to defeat the venue change, I would permit the trial court to exercise discretion and, if otherwise justified, to nevertheless grant the motion to transfer the action.

With that caveat, I join the majority opinion.

---

[11]Since petitioners' choice of venue is proper under the FEHA venue statute, this court need not address their alternative contention that injuries caused by wrongful discharge and intentional infliction of emotional distress are "injuries to person" which render venue appropriate in the "county where the injury occurs . . . ." (§ 395.)

**KAUS, J.**—I concur. Throughout the proceedings below real parties conceded that Alameda was a proper venue for petitioners' FEHA causes of action. Not until their opposition to the petition for hearing in this court did they note, quite casually, that the relevant portion of section 12965, subdivision (b) ends as follows: ". . . but if the defendant is not found within any such county, such an action may be brought within the county of defendant's residence or principal office." Since the superior court's process is statewide (Code Civ. Proc., § 71), it might be difficult to construe this somewhat quaint language literally. Certainly it would not be stretching it to interpret it to refer to an individual defendant's residence or a corporate defendant's place of business.

Nevertheless, whatever merit there may be to this point, it manifestly comes too late. I therefore join the court's opinion.