[No. B029745. Second Dist., Div. Five. Oct. 13, 1987.]

CAPP CARE, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
STEPHEN D. PROFFITT, Real Party in Interest.

## COUNSEL

Call, Clayton & Jensen, L. Whitney Clayton and H. Daniel Fuller for Petitioners.

No appearance for Respondent.

Jones, Mahoney & Brayton, Paul M. Mahoney and Richard A. Soll for Real Party in Interest.

## OPINION

HASTINGS, J.—Petitioner seeks a writ of mandate directing the respondent court to grant its motion for change of venue. ▆ The issue in this original proceeding is the proper venue for an action seeking involuntary dissolution of a corporation. We hold that such an action must be tried in the county in which the corporation has its principal office.

### FACTS

Real party (Proffitt) is a physician. Prior to 1985, he was engaged in the private practice of medicine in Glendora. He had also been involved for

several years in a "non-profit health plan corporation" called Family Health Services, Inc. Petitioner Edward Zalta was in the data processing business, specializing in accounting and billing services for physicians. For several years, Proffitt and Zalta talked about forming a "health care cost review company which would engage in the business of establishing networks of preferred provider organizations (PPO's) and utilizing a computerized cost review system to monitor physician charges."[1] It was hoped that Proffitt's expertise in medicine and Zalta's expertise in computer software and billing services for the medical profession would attract major insurance companies as sponsors.

Proffitt alleges that in October 1984, induced by a number of promises made by Zalta, he gave up the private practice of medicine to become a full-time employee, officer and director of petitioner Capp Care, Inc. For two years, Proffitt and Zalta were busy raising venture capital for Capp Care. According to Proffitt, they were able to raise $15 million in new capital from five insurance companies.

Proffitt claims that just as the corporation was on the verge of becoming highly profitable, Zalta "undertook a course of action calculated and designed to freeze out [Proffitt] from his position within the corporation." Specifically, Zalta is alleged to have made disparaging remarks about Proffitt to Capp Care personnel, prevented Proffitt's written employment contract from being signed, "stripped [Proffitt] of all of his corporate responsibilities and refused to allow [Proffitt] to run the day-to-day operations of the medical division," pressured Proffitt to resign from the board of directors, and prevented Proffitt from participating in any corporate decisionmaking.

On May 1, 1987, Proffitt filed a complaint in the East District (Pomona) of the Los Angeles Superior Court. The complaint contains 10 causes of action on various contract and tort theories. In the ninth cause of action, Proffitt seeks the involuntary dissolution of Capp Care, Inc.[2] The allegations

---

[1] A PPO is "an organization of health care professionals (doctors) and hospitals who would contract directly with health care payers (insurance companies) for the delivery of health care services to patients on a negotiated fee for service basis. The provider agreement would require the doctor or hospital to accept an established fee schedule and to comply with a set of review procedures established by [Proffitt] and Zalta to monitor health care costs. Under this arrangement, the doctors and hospitals would receive an influx of new patients; the insurance companies would have an outside company monitor the health care costs; and the organization established by [Proffitt] and Zalta would oversee, coordinate and supervise this entire arrangement for a fee."

The allegations set forth in quotations marks are taken from Proffitt's complaint.

[2] The 10 causes of action are: (1) breach of fiduciary duty, (2) intentional misrepresentation, (3) negligent misrepresentation, (4) wrongful termination, (5) breach of the covenant of

relating to venue were that Proffitt formerly resided in the County of Los Angeles but currently resided in the County of Orange, that Zalta was a resident of Los Angeles County at all relevant times, that Capp Care was engaged in business "throughout the State of California," and that "[v]enue is proper in the East District, County of Los Angeles, State of California, due to the fact that Plaintiff conducted his medical practice in that District and that Defendants ZALTA and CAPP CARE were engaged in business at 415 West Carroll Avenue, Suite 102, Glendora, California, at the time that some or all of the representations alleged below were made."

Capp Care and Zalta (hereinafter defendants) filed a motion for change of venue, contending that because the complaint contained a cause of action for involuntary dissolution of Capp Care, Inc., the proper venue for the action was Orange County, where Capp Care has its principal office. Defendants' motion was based upon Corporations Code section 1800, subdivision (a), which provides in pertinent part that "[a] verified complaint for involuntary dissolution of a corporation ... may be filed in the superior court of the proper county by any of the following persons...." Corporations Code section 177 defines "proper county" as "the county where the principal executive office of the corporation is located or, if the principal executive office of the corporation is not located in this state, or the corporation has no such office, the County of Sacramento."

The respondent court construed Corporations Code section 1800 to mean that such an action could (but need not be) filed in the "proper county," and ruled that the general venue statute relating to corporations (Code Civ. Proc., § 395.5) controlled.[3] However, the court expressed some reservations about its ruling and commented that the matter required appellate guidance. We agree.[4]

## DISCUSSION

■ "The determination of correct venue of civil actions is governed in California today solely by statutory provisions." (6 Grossman & Van Al-

---

good faith and fair dealing, (6) intentional infliction of emotional distress, (7) accounting, (8) conspiracy, (9) involuntary dissolution, and (10) negligent infliction of emotional distress.

[3] Code of Civil Procedure section 395.5 provides: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

[4] On September 10, 1987, we notified the parties that we were considering the issuance of a peremptory writ. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180-181 [203 Cal.Rptr. 626, 681 P.2d 893].) Proffitt filed opposition to the proposed writ on September 23, 1987.

styne, Cal. Practice (2d ed. 1981) Venue, § 161, at p. 157.) These statutory provisions may be reduced to one fundamental premise: a defendant is entitled to have an action tried in the county of his or her residence unless the action falls within some exception to the general venue rule (Code Civ. Proc., § 395). (*Brown* v. *Superior Court* (1984) 37 Cal.3d 477, 483 [208 Cal.Rptr. 724, 691 P.2d 272].) The "exceptions" are special statutes which prescribe local venue for certain types of proceedings. (3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 575, p. 599) An action for involuntary dissolution of a corporation is one such "local action," and the proper venue for such an action is "[t]he city where the principal executive office of the corporation is located, or if there is no such office in the state, Sacramento County." (*Ibid.,* citing Corp. Code, §§ 177, 1800 [involuntary dissolution], and 1905 [voluntary dissolution].) Other well-regarded commentators agree that the proper court in which to file an action for involuntary dissolution is the superior court of the county in which the corporation has its principal executive office. (Friedman, Cal. Practice Guide-Corporations (1987) par. 8:511; Marsh, Marsh's Cal. Corporation Law (2d ed. 1986) § 20.5 ["The proper venue for such an action is indicated by the reference in [Corporations Code section 1800(a)] to the superior court 'of the proper county.' "]; Weil & Brown, Cal. Practice Guide-Civil Procedure Before Trial (1987) par. 3:223.)

Under Code of Civil Procedure section 365, venue of nine of the ten causes of action herein (those based upon contract and tort theories) would be proper in Los Angeles County because defendant Zalta resides there. With respect to the 10th cause of action (for involuntary dissolution of Capp Care, Inc.), venue is proper only in Orange County, where Capp Care has its principal office. This is therefore a "mixed action," i.e., an action in which the plaintiff has alleged two or more causes of action, each of which is governed by a different venue rule. (Grossman & Van Alstyne, *supra,* § 365 at p. 389.) Where two or more inconsistent venue provisions appear to be applicable to the same case, a motion for change of venue must be granted on the entire complaint if the defendant is entitled to a change of venue on any one cause of action. (*Brown* v. *Superior Court, supra,* 37 Cal.3d 477, 488.) In this case, Capp Care is entitled to a change of venue on the ninth cause of action for involuntary dissolution, so defendants' motion for change of venue should have been granted on that ground alone.

Further, a closer look at Proffitt's complaint, and defendants' motion for change of venue, compels the conclusion that Orange County is the proper venue for this action, with or without the cause of action for involuntary dissolution. Both plaintiff Proffitt and defendant Capp Care reside in Orange County, and all of Capp Care's books and records are located there. Proffitt alleges in his complaint that venue is proper in Los Angeles County

because defendant Zalta resides there. Zalta, however, wants the action transferred to Orange County. The only party who wants the action tried in Los Angeles County is the plaintiff, Proffitt, whose wishes and objectives are not the primary consideration in determining the proper venue for the case.[5]

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of August 5, 1987, denying the motion of defendants Capp Care, Inc. and Edward Zalta for a change of venue, and enter a new and different order granting the motion.

Ashby, Acting P. J., and Boren, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied December 22, 1987.

---

[5] Proffitt points to *Brown* v. *Superior Court, supra,* wherein the plaintiffs, who alleged a cause of action under the Fair Employment and Housing Act (FEHA), were permitted to maintain an action in the county of their choice (Alameda), rather than Sacramento County, the proper venue under the ordinary application of the "mixed action" rule. The court stated that "[a]lthough the mixed action rule recognizes a preference for trial in the county of a defendant's residence, that preference is outweighed by the strong countervailing policy of the FEHA which favors a plaintiff's choice of venue." (37 Cal.3d at p. 488) That "strong countervailing policy" is absent in this case.