956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Les Pierres STREATER, Plaintiff-Appellant,
v.
HEMET VALLEY HOSPITAL/MEDICAL CENTER AND DISTRICT; Ron
Julian; Paula Brown; Theresa Perry, et al.,
Defendants-Appellees.
 No. 91-55104.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 4, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Les Pierres Streater appeals pro se the district court's dismissal of his employment discrimination action against defendant Hemet Valley Medical Center. The district court dismissed Streater's complaint for failure to allege subject matter jurisdiction, and subsequently dismissed the action because Streater failed to file an amended complaint correcting the jurisdictional defect. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 The existence of subject matter jurisdiction is a question of law which we review de novo. Allah v. Superior Court of State of Cal., 871 F.2d 887, 890 (9th Cir.1989).
 
 
 4
 Federal courts are obliged "to appraise at the outset their own jurisdiction," even when the parties have not raised jurisdictional questions themselves. Clow v. United States Dep't of Hous. and Urban Dev., 948 F.2d 614, 625 (9th Cir.1991). "Whenever it appears by suggestions of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).
 
 
 5
 Federal question jurisdiction exists when an action arises under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331; Caterpillar Tractor, Co. v. Williams, 482 U.S. 386, 392 (1987). A court determines a federal question by looking to the face of the plaintiff's well pleaded complaint. Caterpillar, 482 U.S. at 392. It is well established, however, that we are to liberally construe the complaint of a plaintiff appearing pro se. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987).
 
 
 6
 Here, Streater filed his complaint on August 31, 1990. The complaint stated that "jurisdiction in the Central District of the U.S. District Court is properly invoked pursuant to the legal development of Jackson v. Southern California Gas Company cited as (July 28, 1989) 89 Daily Journal D.A.R. 9576; and Brown v. Superior Court (Dec. 1984) 37 Cal.3d 477." The district court found that the complaint failed to assert a statutory or other basis for federal question jurisdiction as required by Local Rule 3.7.1.[1] On September 19, 1990, the court issued an order to show cause by October 9, 1990, why the action, including Streater's pendent state law claims, should not be dismissed. The order also stated that the jurisdictional defect could be cured by amending the complaint to properly allege federal question jurisdiction. On October 4, 1990, Streater lodged a letter with the district court, and attached to it certain correspondence he had received from the Equal Employment Opportunity Commission ("EEOC"). Upon finding that this letter and attachments did not comply with its September 19, 1990 order, the district court continued the order until November 19, 1990. Streater filed no further pleadings, and the district court dismissed the action on November 28, 1990.
 
 
 7
 Although Streater does not specifically state a statutory basis for his claims, liberally construing his complaint, we find that his claim of employment discrimination based on race, together with his reference to Jackson v. Southern Cal. Gas Co., 881 F.2d 638 (9th Cir.1989), a case dealing with a federal claim of racial discrimination, are a sufficient assertion of jurisdiction to overcome dismissal of the action under Fed.R.Civ.P. 12(h)(3). See Eldridge, 832 F.2d at 1137. Although Streater's letter and attachments do not comply with technical pleadings requirements, we find these filings to be sufficiently responsive to the district court's order to cure the jurisdictional defect. One of the attachments, a letter from the EEOC, states that Streater's claims before the EEOC were "filed under Title VII and EPA [the Equal pay provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 206(d) ]." Accordingly, we find that dismissal of Streater's action for failure to plead the basis for federal jurisdiction was improper, and we reverse and remand the matter for further proceedings consistent with this disposition.
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Local Rule 3.7.1 requires that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in the first paragraph of any document invoking this Court's jurisdiction." Cent.Dist.Cal.Local.R. 3.7.1