Filed 4/3/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

<table>
<tr><td>RYZE CLAIM SOLUTIONS LLC,<br><br>     Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF CONTRA COSTA COUNTY,<br><br>     Respondent;<br><br>JEROME NEDD,<br><br>     Real Party in Interest.</td><td>A155842<br><br>(Contra Costa County<br>Super. Ct. No. C1801555)</td></tr>
</table>

Petitioner and defendant Ryze Claim Solutions LLC (Ryze) seeks writ relief from an order of the trial court denying its motion to dismiss or stay the lawsuit filed by its former employee Real Party in Interest and plaintiff Jerome Nedd on improper forum grounds. We shall issue the writ.

**BACKGROUND**

Ryze's headquarters and principal place of business was in Noblesville in Hamilton County, Indiana, north of Marion County, Indiana, where Indianapolis is the county seat. On May 5, 2014, Ryze hired Nedd, a California resident, to work for the company in El Cerrito in Contra Costa County. On March 28, 2017, Ryze terminated Nedd's employment.

On August 1, 2018, Nedd filed a wrongful termination suit against Ryze in Contra Costa County Superior Court. His complaint alleged eight causes of action, five of them under the Fair Employment and Housing Act, Government Code section 12900 et seq.

(FEHA). On September 10, 2018, Ryze moved to dismiss or stay Nedd's case because it was filed in an improper forum.

When Nedd was first employed by Ryze, the parties had entered into a written Employment Agreement (Employment Agreement), which contained the following forum selection clause:

"Applicable Jurisdiction. [Ryze] is based in Indiana, and Employee understands and acknowledged [Ryze's] desire and need to defend any litigation against it in Indiana. Accordingly, the parties agree that any claim of any type brought by Employee against [Ryze] or any of its employees or agents must be maintained only in a court sitting in Marion County, Indiana, or Hamilton County, Indiana, or if a federal court, the Southern District of Indiana, Indianapolis Division."

The Employment Agreement further stated: "The term of this contract shall be for a period commencing on May 5, 2014, and continuing for a period of one (1) year under the terms, conditions and rates of compensation hereinafter set forth. Following the completion of the first year of the contract and each year thereafter, this contract shall automatically be extended by one (1) year, subject . . . to the termination language . . . of this Agreement."

On November 6, 2018, the trial court denied Ryze's motion and declined to stay or dismiss the case in favor of the Indiana forum specified in the Employment Agreement. The trial court observed that forum selection clauses will not be enforced when contrary to California public policy and found that enforcing the forum selection clause would "go against the state's public policy expressed in at least two statutes," specifically citing Labor Code section 925 and Government Code section 12965.

Ryze now seeks a peremptory writ of mandate from this court to direct the trial court to vacate its November 6, 2018 order and to enter a new and different order granting Ryze's motion to dismiss or stay the action.

On December 7, 2018, we stayed the trial court proceedings pending further order of this court, requested opposition to the writ petition, and issued notice under *Palma v.*

*U.S. Industrial Fasteners Inc.* (1984) 36 Cal.3d 171, 180, that we may issue a peremptory writ in the first instance.

## DISCUSSION

"When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." (Code Civ. Proc., § 410.30, subd. (a).)

"There is a split of authority regarding the appropriate standard of review on whether a forum selection clause should be enforced through a motion to dismiss for forum non conveniens." (*Quanta Computer Inc. v. Japan Communications Inc.* (2018) 21 Cal.App.5th 438, 446.) "The majority of cases apply the abuse of discretion standard, not the substantial evidence standard." (*Korman v. Princess Cruise Lines, Ltd.* (2019) 32 Cal.App.5th 206, 214, fn. 6.) We need not resolve that dispute here because the trial court erroneously denied Ryze's motion under either standard.

"While it is true that the parties may not deprive courts of their jurisdiction over causes by private agreement [citation], it is readily apparent that courts possess discretion to decline to exercise jurisdiction in recognition of the parties' free and voluntary choice of a different forum. Moreover, although we have acknowledged a policy favoring access to California courts by resident plaintiffs [citation], we likewise conclude that the policy is satisfied in those cases where . . . a plaintiff has freely and voluntarily negotiated away his right to a California forum. . . . [¶] . . . [F]orum selection clauses are valid and may be given effect, in the court's discretion and in the absence of a showing that enforcement of such a clause would be unreasonable." (*Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 495-496, italics omitted; see *Intershop Communications v. Superior Court* (2002) 104 Cal.App.4th 191, 198 [contractual forum selection clause presumed valid and enforced absent showing that enforcement would be unreasonable in the circumstances].)

Here, the trial court declined to enforce the Employment Agreement's forum selection clause as a matter of public policy expressed in Labor Code section 925 and Government Code section 12965. But the public policy statements in the two statutes are in no way at odds with the forum selection clause in Nedd's Employment Agreement, nor do they make enforcing the forum selection clause unreasonable.

Government code section 12965, subdivision (b), which governs venue in FEHA cases, establishes: "The superior courts of the State of California shall have jurisdiction of [civil lawsuits under FEHA], and the aggrieved person may file in these courts. An action may be brought in any county in the state in which the unlawful practice is alleged to have been committed, in the county in which the records relevant to the practice are maintained and administered, or in the county in which the aggrieved person would have worked or would have had access to the public accommodation but for the alleged unlawful practice, but if the defendant is not found within any of these counties an action may be brought within the county of the defendant's residence or principal office." (Gov. Code, § 12965, subd. (b).)

The trial court concluded this section "reveals the Legislature's policy for allowing persons who bring FEHA actions a wide choice of venues." It noted the Supreme Court's recognition of this policy in *Brown v. Superior Court* (1984) 37 Cal.3d 477, that plaintiffs in FEHA employment discrimination suits often face barriers in bringing suit due to the substantial costs of litigation, and thus are afforded "a wide choice of venue." (*Id.* at p. 486.) Nedd, too, emphasizes the "broad choice of venue" the Legislature affords FEHA plaintiffs under Government Code section 12965, subdivision (b) to make it easier for financially stressed litigants to bring actions in locations that are less costly.

All this is true, but it overlooks the critical fact that Ryze's motion to dismiss was based on improper forum, not improper venue. "[V]enue selection . . . is purely an intrastate issue involving the selection of a county in which to hold the trial. By contrast, a forum selection clause chooses a court from among different states. . . ." (*Alexander v.*

4

*Superior Court* (2003) 114 Cal.App.4th 723, 727.)  Since a venue clause is not the same thing as a forum selection clause, whatever policies may be drawn from FEHA's venue provisions do not bear on the forum selection clause in the Employment Agreement.

*Olinick v. BMG Entertainment* (2006) 138 Cal.App.4th 1286, illustrates the point. There, Olinick sued his New York-based employer in Los Angeles Superior Court for wrongful termination under FEHA.  (*Id.* at 1292.)  His employer moved to stay or dismiss the case on the ground of inconvenient forum.  (*Ibid.*)  The court expressly rejected Olinick's argument that a clause requiring him to litigate FEHA causes of action in New York was unenforceable and held that "[e]mployment discrimination claims have been held subject to forum selection clauses, provided the selected forum affords an adequate remedy."  (*Id.* at p. 1301, italics omitted.)  The court found no merit in Olinick's contention that the forum selection clause was unenforceable on public policy grounds, noting "FEHA has no express prohibition on parties selecting a forum . . . other than California's."  (*Id.* at p. 1304.)

We, too, conclude the forum selection clause in the Employment Agreement was not unenforceable due to any statement of public policy in FEHA.  Further, as Nedd did not offer any evidence or argument that Indiana would not be an adequate forum for his claims and the trial court made no such findings, we also conclude requiring him to litigate his claims in Indiana would be neither unfair nor unreasonable.

We turn to the public policy expressed in the Labor Code.  Labor Code section 925, enacted in 2016, provides: "An employer shall not require an employee who primarily resides or works in California, as a condition of employment, to agree to a provision that would . . . [¶] [r]equire the employee to adjudicate outside of California a claim arising in California."  (Lab. Code, § 925, subd. (a).)  The statute also expressly states: "This section shall apply to a contract entered into, modified or extended on or after January 1, 2017."  (Lab. Code, § 925, subd. (f).)

Here, the Employment Agreement between Ryze and Nedd was entered into on May 5, 2014, and by its terms, was last extended before his termination on May 5, 2016.

Nedd was terminated on March 28, 2017, before the operative date for a 2017 automatic extension. There is nothing in the record indicating the Employment Agreement was modified or extended on or after January 1, 2017. The trial court properly found the Employment Agreement was not entered into, modified, or extended on or after January 1, 2017, and recognized the provisions of Labor Code section 925 "do not directly apply." Nonetheless, the court found that the provisions of Labor Code section 925 "provide insight into our state's policy aimed at prohibiting employers from requiring that California residents and workers agree to litigate their claims in a different forum as a prerequisite to employment." Based on this legislative expression, the court concluded requiring Nedd to litigate in Indiana would contravene California's public policy. Here, the court erred.

"In interpreting statutes, our primary goal is to give effect to the Legislature's intent in enacting the law." (*Jurcoane v. Superior Court* (2001) 93 Cal.App.4th 886, 892.) "[W]e presume the Legislature intended everything in a statutory scheme, and we should not read statutes to omit expressed language or include omitted language." (*Id.* at p. 894.) Labor Code section 925 establishes a policy prohibiting employers from requiring California employees from agreeing to litigate in a different forum as a prerequisite to employment, but by its plain language states that its policy applies to agreements "entered into, modified, or extended on or after January 1, 2017." (Lab. Code, § 925, subd. (f).). The trial court's decision to apply the policy expressed in Labor Code section 925 to the Employment Agreement between Nedd and Ryze, which was not entered into, modified, or extended on or after January 1, 2017, effectively circumvented the Legislature's express intent that the statute not be applied to an earlier agreement or extension. The trial court's decision contradicted express language in Labor Code section 925 limiting its application to contracts made on or after January 1, 2017. Since

6

the Employment Agreement was never extended in 2017, it is not controlled by any policy expressed in Labor Code section 925.[1]

The record does not support affirming the trial court order on any other grounds.

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order denying Ryze's motion to dismiss or stay the action due to improper forum, and to enter a new order granting Ryze's motion. We leave it to the trial court to exercise its discretion whether to stay or dismiss the action in light of the improper forum. The temporary stay previously issued by this court is dissolved.

Our decision is immediately final as to this court. (Cal. Rules of Court, rule 8.490(b)(2)(A).) The parties shall bear their own costs.

---

[1] Ryze's request for judicial notice of legislative history materials for Labor Code section 925, which Nedd opposes, is denied. The legislative history materials are not necessary to our resolution of this petition.

                                       _____

                                       Siggins, P.J.

WE CONCUR:

_____
Fujisaki, J.


_____
Petrou, J.

*Ryze Claim Solutions, LLC v. Superior Court of Contra Costa County*, A155842

Trial Court:                                  Contra Costa County Superior Court

Trial Judge:                                Honorable Judith Craddick

Counsel:

Ogletree, Deakins, Nash, Smoak, & Stuart, Michael N. Westheimer, Anna L. Padgett for Petitioner.

Brock & Gonzales, Robert P. Biegler, D. Aaron Brock, Sheryl L. Marx for Real Party in Interest.